UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY ALLEN,

                            Plaintiff,

                                                                         DECISION AND ORDER

                                                                          09-CV-6203L

                  v.

C.O. FORD, Wende Correctional Facility,
JOHN DOE #1, Correctional Officer,
Wende Correctional Facility,
JOHN DOE #2, Correctional Officer,
Wende Correctional Facility,
ROBERT A. KIRKPATRICK, Superintendent,
Wende Correctional Facility,
C.O. NITRO, Wende Correctional Facility,
C.O. BEUCANNON, Wende Correctional Facility,

                            Defendants.
_____

      Plaintiff, Larry Allen, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights have been violated in a number of respects by defendants, all of whom were at all relevant times officials or employees of DOCS.

      Two of the four defendants, Kirkpatrick and Ford, have moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted.

**DISCUSSION**

**I. Plaintiff's Failure to Respond to Defendants' Motion**

The Court of Appeals for the Second Circuit has held with respect to a motion for judgment on the pleadings pursuant to Rule 12(c) that "[w]here ... the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute 'default' justifying dismissal of the complaint." *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983). The court has also held that "[t]he same principle is applicable to a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss an action on the basis of the complaint alone." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). The court stated in *McCall* that "[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Id.* at 323. Accordingly, I will proceed to consider the sufficiency of the complaint, notwithstanding plaintiff's failure to respond to defendants' motion.

**II. Plaintiff's Claims**

The amended complaint (Dkt. #12) alleges that on January 26, 2006, while plaintiff was working in the mess hall at Wende Correctional Facility, he was accidentally splashed with hot water on his left arm and leg. Although he requested immediate medical attention, plaintiff was told to

wait until next day's sick call. Plaintiff was seen my medical staff the following day and transported to an outside hospital, where he was diagnosed as having suffered second degree burns.

The complaint names four defendants: Wende Superintendent Kirkpatrick, Correction Officer ("C.O.") Ford, C.O. Nigro, and C.O. Kincannon.[1] Plaintiff asserts three causes of action: (1) "Negligence in failing to provide adequate Equipment to secure plaintiff Body Party [sic] from Hot Water"; (2) "Negligence In providing immediately [sic] Treatment for Plaintiff's Injuries and subject him to Cruel and Unusual Punishment in violation of the Eight [sic] Amendment of the United States Constitution"; and (3) "Deliberate Indifference to Plaintiff Health by failing to provide proper instruction and Supervision." Dkt. #12 at 5.

Defendant Kirkpatrick is named in the caption of the complaint, but not elsewhere in that pleading. There are simply no factual allegations against him at all, other than that he was the Superintendent of Wende at the time of the underlying events.

Although it could be inferred that plaintiff is alleging that Kirkpatrick is liable for failing to train or supervise the other defendants, such a claim cannot stand absent some factual allegations to support it. In order to survive a Rule 12(b)(6) motion, the complaint must set forth sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570. Plaintiff has not done so, and his claims against Kirkpatrick are therefore dismissed.

---

[1] Nigro and Kincannon, who have answered the complaint, are misnamed in the complaint as Nitro and BeuCannon.

As to Ford, the only mention of him is plaintiff's allegation that when he was splashed with the hot water, Ford asked plaintiff if he was badly burned, and plaintiff responded, "I don't know, but it sure does burn and hurt." Dkt. #12 ¶¶ 2, 3. The complaint alleges that Ford "advised plaintiff to wait," and that plaintiff was "sent back to his cell after completion of his work shift." *Id.* ¶ 3.

The complaint further alleges that later that evening, after plaintiff had returned to his cell, his leg and arm began to blister, and he informed a different C.O. about his injuries, but was told to wait until the next morning to sign up for sick call. *Id.* ¶ 4. There are no other allegations about Ford.

As the Court of Appeals for the Second Circuit has very recently stated, a § 1983 claim alleging deliberate indifference to a serious medical need requires a showing that the defendant "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and that [he] was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (internal quotation marks and alterations omitted). In other words, it is not enough that the defendant objectively *should* have perceived the risk to the inmate's health or safety; he must have *actually* been aware of, but deliberately ignored that risk. *Id.* at 69-70.

The allegations concerning Ford do not make such a claim "plausible" as to him. Plaintiff alleges that Ford asked him if he had been "badly burned," and that plaintiff responded, "I don't know ... ." Plaintiff does allege that he added that "it sure does burn and hurt," but coupled with his statement that he did not know if he had been "badly" burned, those allegations do not give rise to

a plausible claim that Ford had actual knowledge of, yet disregarded, a serious threat to plaintiff's health.

A serious medical condition is one that presents "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Since plaintiff himself alleges that he told Ford that he did not know if he had been "badly burned," he was able to complete his mess hall shift, and did not suffer severe blisters until that evening after he had returned to his cell, there is simply no plausible claim here that Ford must have known of the severity of plaintiff's injuries.

For these reasons, all of plaintiff's claims against both Kirkpatrick and Ford must be dismissed. I also note, however, that to the extent that his first two causes of action are premised on allegations of negligence, they would have to be dismissed in any event. Mere negligence will not support a § 1983 claim. *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003); *Gonzalez v. Wright*, ___ F.Supp.2d ___, 2009 WL 3149448, at *13 (S.D.N.Y. Sept. 30, 2009).

## CONCLUSION

The motion to dismiss filed by defendants Kirkpatrick and Ford (Dkt. #22) is granted, and the complaint is dismissed as to those two defendants.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      November 19, 2009.