UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY ALLEN,

                              Plaintiff,

                                                                                           DECISION AND ORDER

                                                                                           09-CV-6203L

                              v.

C.O. FORD,
Wende Correctional Facility, et al.,

                              Defendants.
_____

      Plaintiff, Larry Allen ("Allen"), who was an inmate in the custody of the New York State Department of Corrections ("DOCS") at the Wende Correctional Facility ("Wende"), originally brought this civil rights action pursuant to 42 U.S.C. § 1983 pro se, but has since been appointed counsel. Allen claims that on or about January 26, 2006, while working as a cafeteria porter, he sustained second degree burns on his left arm and leg when he was splashed with hot water while washing hot food storage containers ("hot boxes").

      Allen alleges that the defendants, DOCS employees, were negligent in failing to provide adequate safety equipment, negligent in failing to provide immediate treatment which subjected him to cruel and unusual punishment, and lastly that the defendants were deliberately indifferent to the plaintiff's health by failing to provide proper instruction and supervision. The claims against correction officers Ford and Kirkpatric have already been dismissed. The remaining two

defendants, correction officer P. Nigro ("Nigro") and correction officer R. Kincannon ("Kincannon")[1] now move for summary judgment dismissing Allen's claims. Dkt. #34.

For the reasons that follow, the motion for summary judgment is granted, and Allen's complaint is dismissed.

I.   **Summary Judgment**

The complaint sets forth two different theories of relief: The first alleges negligence on behalf of the defendants and the second suggests that defendants committed a constitutional violation by subjecting him to cruel and unusual punishment by their deliberate indifference to his serious medical needs. The evidence before the Court on this summary judgment motion supports neither theory.

The Court's task in analyzing a motion for summary judgment is to determine if there is any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1985). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id.* at 248.

A party moving for summary judgment is not required to prove the absence of genuine issues of material fact. The burden on the moving party may be discharged by simply showing that there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). On the other hand, the non-moving part is required to, "make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial." *Id.* at 322. Additionally, when deciding whether to grant summary judgment the court must view the evidence in light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Consarc Corp. v. Marine Midland Bank,* 996 F.2d 568, 572 (2d Ci. 1993).

---

[1] Nigro and Kincannon are misnamed in the complaint as Nitro and BeuCannon.

## II.  Allen's Negligence Claim Against C.O. Nigro and C.O Kincannon

Plaintiff claims that the defendants were negligent in failing to provide adequate equipment to protect him from hot water when cleaning the hot boxes, and also that the defendants were negligent in failing to provide immediate treatment for the plaintiff after he was burned.

First of all, it is clear that the claims relating to the alleged negligent acts that caused the injury are not properly before this Court. A suit alleging negligence against these state officers and employees is essentially a suit against the State of New York which has sovereign immunity and has not consented to be sued in this forum. *Spavone v. Fisher,* 2012 WL 360289, at *2 (S.D.N.Y. Feb. 3, 2012) (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 670 (1999)). There may be a remedy in the New York State Court of Claims for such relief but not in this federal court. *Id.* (quoting *Gross v. New York,* 428 Fed. Appx. 52, 53 (2d Cir. 2011)).

Finally, it appears that plaintiff does not seriously contest defendants' motion here to dismiss the negligence claims, as reflected in plaintiff's counsel's opposition to defendants' motion on the negligence claims. Therefore Allen's negligence claims are dismissed.

## III.  Allen's Deliberate Indifference Claim Against C.O. Nigro

It is well settled that an allegation that a defendant has been merely negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to comprise deliberate indifference to serious medical needs. *Id.*

Plaintiff claims that Nigro acted with deliberate indifference to his medical needs. Plaintiff claims that on January 26, 2006, he was injured after the hot water he was using to clean the hot boxes splashed on his forearm, left arm, and left leg. He claims to have immediately reported the incident to Nigro, who asked "if he was badly burned". Dkt.#12 at ¶2. Plaintiff allegedly answered, "I don't know, but it sure does burn and hurt". *Id.* at ¶3. Plaintiff then requested to see a nurse but

Nigro advised him to wait. Plaintiff was subsequently sent back to his cell after completion of his work shift. Nigro denies ever being made aware of Allen's injuries by Allen or anyone else during this time.

In order to demonstrate that a failure to render medical treatment amounts to "cruel or unusual punishment" prohibited by the Eighth Amendment, a plaintiff must prove that a prison official's actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle*, 429 U.S. at 106. There is both an objective and a subjective component to establish such a claim. The alleged deprivation of adequate medical care must be objectively "sufficiently serious". *Verley v. Wright,* 2007 U.S. Dist. LEXIS 71848 (S.D.N.Y., Sep. 27, 2007), *quoting Wilson v. Seiter,* 501 U.S. 294, 298. A "serious medical need" is one which presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong,* 143 F. 3d 698, 702 (2d Cir. 1998), *quoting Hathaway v. Coughlin,* 37 F. 3d 63, 66 (2d Cir. 1994). The Court examines several factors in determining whether a serious medical need exists, such as whether the plaintiff has "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F. 3d 698 at 702.

The second requirement, deliberate indifference, focuses upon whether the prison official acted with a sufficiently culpable state of mind. *Verley*, 2007 U.S. Dist. LEXIS 71848 (S.D.N.Y., Sep. 27, 2007) *quoting Wilson*, 501 U.S. at 300. Deliberate indifference may be shown where the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer v. Brennan*, 511 US. 825, 837 (1994). Therefore a prison official must be subjectively aware of the risk to the inmate that the official's conduct creates; it is insufficient to demonstrate that the prison official was incorrect in his belief that an inmate was not at risk. *Salahuddin v. Goord,* 467 F.3d 263, 281. The defendant's belief that his conduct posed no risk can be objectively unreasonable as long as it is sincere. *Id.*

Based on all of the evidence submitted, plaintiff has failed to sufficiently support his Eighth Amendment claim against Nigro. Viewing the evidence in plaintiff's favor, it appears that at most he advised Officer Nigro that he had suffered some type of burn but even according to Allen, he himself was not sure how bad the burn was. At that point, Allen was returned to his cell but apparently did visit the medical department the very next morning and was then transported to the Erie County Medical Center for treatment. Even though the evidence may support a finding that the burns were *later* determined to be serious, there is no evidence that they appeared to be so when Allen complained about them. Furthermore, even though the injuries were later determined by the Erie County Medical Center to be a second degree burn, the evidence presented does not show that Nigro acted with deliberate indifference, since there is no evidence or allegation establishing that Nigro knew of, and disregarded the severity of plaintiff's injuries.

Assuming, as the Court must on this motion that plaintiff did request to see a nurse because his forearm and leg "hurt", there is no indication that Nigro was aware of facts by which he could have inferred that plaintiff's burns were serious. Indeed, plaintiff states that when Nigro inquired whether he was "badly burned," his immediate response was "I don't know but it sure does burn and hurt" Dkt. #12 at ¶3. Plaintiff makes no other allegation and offers no other evidence indicating that the severity of his burns was apparent, and admits that his skin did not begin to blister until later that evening after he had completed his work shift and returned to his cell. Dkt. #12 at ¶¶3-4. On this evidence, plaintiff has failed to set forth material facts relating to either the objective or the subjective component of the test for establishing an Eighth Amendment violation.

## IV.    Allen's Deliberate Indifference Claim Against C.O. Kincannon

Plaintiff also claims that Kincannon acted with deliberate indifference to his medical needs. Plaintiff claims that after returning to his cell at the completion of work his arm began to severely blister, which caused him pain and discomfort. He immediately reported the injury to Kincannon who told him to sign up for medical sick call in the morning instead of providing the plaintiff with

emergency sick call at that time. The plaintiff reported to sick call the following day and was then transported to Erie County Medical Center for treatment.

An inmate's mere disagreement over the proper treatment for his injuries does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation. *Chance*, 143 F. 3d 698 at 703.

Based on the evidence presented, plaintiff has failed to provide sufficient evidence to support his Eighth Amendment constitutional claim against Kincannon. Plaintiff claims that when he presented his injury to Kincannon, Kincannon advised him to sign up for sick call in the morning instead of receiving immediate emergency care. It is not clear at what time of the day or night Kincannon was advised of the burn, but the next morning, within a few hours, plaintiff did attend sick call and received treatment. The evidence does not indicate that Kincannon was aware, or should have inferred that the burns of which plaintiff complained posed an excessive risk to the plaintiff's health. There is no evidence that indicates the injuries were worsened by waiting until morning, or that his pain became more extreme.

Viewing the evidence in plaintiff's favor, as the court must, the defendant's actions were still adequate, and plaintiff has therefore failed to set forth material facts that support his claim that Kincannon was deliberately indifferent to plaintiff's medical needs.

## CONCLUSION

The motion of defendants C.O. Nigro and C.O. Kincannon for summary judgment (Dkt. #48) is granted, and the complaint is dismissed in all respects.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 30, 2012.